### H. E. Dodge v. The State.

No. 8221.   Decided February 13, 1924.

Rehearing denied March 26, 1924.

**Theft—Sufficiency of the Evidence—Handwriting—Explanation.**

Where, upon trial of theft over the value of fifty dollars, the evidence sustains the conviction, there is no reversible error, and it was a question of fact before the jury whether appellant's explanation was sufficient, as was also the comparison of the signatures which were introduced in evidence.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of theft over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Floyd Jones* and *J. Lee Cearley*, for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the theft of five joints of oil well casing, his punishment having been assessed at confinement in the penitentiary for two years.

There are no bills of exception in the record, and no objection whatever to the charge of the court. The only question urged is that the evidence is insufficient to support the conviction.

The casing had been pulled from a well situated some six or seven miles east of the city of Breckenridge. Five joints of this casing were stolen. Appellant was working as a teamster for one J. S. Wisdom. Late in the evening before the pipe was stolen that night, appellant went to Wisdom and told him he had an order for some pipe and got permission from Wisdom to use his team and wagon. For some reason Wisdom seemed to be suspicious about the transaction and notified one of the officers, who kept watch but made no discovery with reference to the matter that night. Appellant admitted hauling the pipe and leaving it in the junk yard belonging to one Wolcott but claimed to have hauled it upon the order of A. J. Brown. Appellant asserts that he was by himself at the time he went after the pipe, and that no one aided in loading it upon the wagon; that Brown at first told him to leave it in the yard where Wisdom kept his teams but that as he was returning with the pipe, Brown met him near the cemetery and told him to leave it at Wolcott's, but he asserts that neither Brown nor any other party went to Wolcott's with him. Wolcott testified that before daylight he heard some one unloading pipe in his yard; that he had purchased no pipe and knew nothing about its delivery there; that as they started out of the gate, he called to them and that one of the men came to the window when witness told him he (Wolcott) did not want the pipe. This witness asserts positively that there were two men with the wagon at the time; that one remained at the wagon and the one who came to the window and talked was not the appellant. The witness did not know the man who had the conversation with him and did not recognize the man at the wagon. They told witness they would come back and see about the pipe but did not do so.

The proposition asserted by appellant is that his explanation of his connection with the pipe was reasonable and probably true; that the State failed to show its untruth or that it was unreasonable and therefore he was entitled to an acquittal. We are not in accord with appellant in this contention. The circumstances of the transaction were before the jury and it was for them to decide from all of these whether appellant's connection with the pipe was as he asserted or otherwise.

During the trial appellant produced an order purporting to have been signed by A. J. Brown authorizing the hauling of the pipe. Appellant had theretofore been requested, when testifying before the

grand jury, to write the name of A. J. Brown, which he had done, and during the trial he was again requested to write this name. These names written by him, together with the order, were introduced in evidence. It does not appear from the record that any expert testimony was introduced before the jury relative to the similarity of the signatures, but all three of them went to the jury and they were authorized to make their own comparison and draw their own deductions from the signatures before them and to use this circumstance in connection with the other facts in evidence to determine the truth or falsity of appellant's statement. The record further shows that when appellant first claimed he was acting under the direction of Brown, the officers immediately made search and inquiry for such a person but were unable to locate any such man in the city or to find any one who knew him. Appellant's statement that no one was with him at the time the pipe in question was delivered in the Wolcott yard was not borne out by the testimony of Wolcott. The jury may with reason have concluded that if any man by the name of Brown was associated with the appellant in the transaction, he was acting with him not in the capacity of an employer but as a principal in the theft.

We have not undertaken to state all the details of the evidence but have considered it all and believe we would be unauthorized to disturb the verdict.

The judgment is therefore affirmed.

*Affirmed.*

[Rehearing denied March 26, 1924. Reporter.]